UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOHENY FORERO,<br><br>Plaintiff,<br><br>v.<br><br>APM TERMINALS, SUNRISE METALS, INC., TAL INTERNATIONAL, CAI INTERNATIONAL, CSX TRANSPORTATION, A.P. MOLLER-MAERSK A/S. XYZ COMPANIES 1-10. JOHN DOES 1-10,<br><br>Defendants. | Civ. No. 18-13754 (KM)(CLW)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

Before me is the motion of defendant CSX Transportation ("CSX") to dismiss plaintiff Doheny Forero's second amended complaint. CSX moves to dismiss on three grounds: (1) lack of personal jurisdiction; (2) failure to timely file the complaint; and (3) failure to plead facts in conformity with Rule 8.

For the reasons outlined below, I will grant CSX's motion to dismiss.

### I. Background

On or about May 29, 2015, plaintiff Doheny Forero was operating a hustler forklift owned by her employer, APM Terminals when she attempted to make a left turn. (DE 20-3 at 2). Forero asserts that as she turned the forklift, the containers shifted and fell to the ground, overturning the forklift and injuring her. (*Id.*).

On May 26, 2017, the plaintiff, through her counsel, Andrew R. Topazio, Esq., filed a complaint in the Superior Court of New Jersey, Law Division, Union, New Jersey, case number UNN-L-2019-17. (DE 20-3). Forero named APM Terminals, as well as corporate and individual John Does, as defendants.

1

On July 30, 2018, new counsel for plaintiff, Bruce S. Gates, Esq., filed an amended complaint asserting nearly identical allegations. (DE 1). Count 1 was still asserted against APM Terminals. This time, however, plaintiff named as defendants under Count 2 Sunrise Metals, Inc., TAL International, and CAI International. Plaintiff alleged that these three defendants "owned and/or maintained the containers and were responsible for the safe loading of the contains involved in the accident" and failed to properly and safely load the containers and therefore contributed to the events that injured her. (*Id.* at 9). CSX was not named as a defendant in the amended complaint.

On September 11, 2018, Sunrise Metals, Inc., removed this civil action. (DE 1).

On January 29, 2019, plaintiff filed a second amended complaint (DE 22).

Count 1, asserted against APM Terminals, alleges that as a result of the accident, Forero sustained severe and permanent injuries. (*Id.* at 2). APM is alleged to have "owned, operated and maintained the hustler and bluebird."[1] Count 1 does not appear to assert a theory of liability; rather it states that APM would know "who owned, maintained and/or loaded the containers and the entities responsible for the safe loading of the containers within the appropriate weight limits." This count "demands information" as to those entities. (*Id.* at 3).

Count 2 is directed against those unknown persons and entities, designated as John Does 1-10 and XYZ Companies 1-10, as well as named defendants TAL International, CAI International, CSX Transportation, and A.P. Moller-Maersk A/S. improperly and unsafely loaded the containers and therefore contributed to the events that injured her. (*Id.*).

The second amended complaint also asserts, for the first time, the following jurisdictional allegations:

> The events constituting the cause of action herein arise from or are related to the fact that the defendants as aforesaid through their

---

[1] The "hustler" is the forklift. The "bluebird" is not described, but it may refer to a brand of floor scrubber.

2

actions and those of their agents, servants and employees were through their business activities present on the date and place of the injurious events. Defendants caused the containers to be unsafely loaded and inspected and thereby and in that fashion through the expected and commonplace stream of commerce this led to and resulted in the events as aforesaid and the injuries of the Plaintiff. The defendants purposely availed themselves of the benefits and privilege of doing business in New Jersey through continuous and systematic general business contacts in this state, inasmuch as defendants are in the business of having their goods or the goods of others placed in containers and/or in the business of transporting same for their commercial benefit and accomplishing same by travelling in the State of New Jersey.

(*Id.* at 3–4).

On April 22, 2019, defendant CSX filed a motion to dismiss the second amended complaint. (DE 32).

Plaintiff failed to file any opposition to CSX's motion to dismiss by May 6, 2019.

As a result, this Court issued an Order to Show Cause on September 10, 2019 (DE 52), stating that unless plaintiff filed an opposition with 21 days, with a motion to file out of time, CSX's motion to dismiss the second amended complaint could be treated as unopposed and granted.

Plaintiff did not respond or otherwise update this Court in response to the Order to Show Cause. Although the Order to Show Cause warned that the motion to dismiss could be treated as unopposed, I will nevertheless analyze the merits.

## II. Argument

CSX's motion asserts three grounds for dismissal. First, says CSX, plaintiff's general allegations are insufficient to establish a basis for this Court to assert personal jurisdiction over CSX. (DE 32-1 at 10–15). Second, plaintiff's complaint is time-barred as to CSX. (*Id.* at 17–20). Third, the complaint fails to plead its claims with the requisite specificity. (*Id.* at 20–22).

### a. Personal Jurisdiction

First, I find that this Court cannot exercise personal jurisdiction over

3

CSX.

To assess whether a court has personal jurisdiction over a defendant, a district court must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.*, No. 10-cv-4207, 2011 WL 3444218, at *3 (D.N.J. Aug. 5, 2011) (citing *IMO Indus.*, 155 F.3d at 259).

In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

There are two kinds of personal jurisdiction that allow a district court to hear a case involving a non-resident defendant: general and specific. A court may exercise general jurisdiction over a foreign corporation where "the defendant's contacts with the forum are so 'continuous and systematic' as to render them essentially 'at home' in the forum state." *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 435 (D.N.J. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 137 (citation omitted).

4

In contrast to general jurisdiction, specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiffs' claims. To determine whether this court may exercise personal jurisdiction, this court must engage in a fact-intensive analysis. S*trategic Prod. & Servs., LLC v. Integrated Media Techs., Inc.*, No. CV1800694KSHCLW, 2019 WL 2067551, at *7 (D.N.J. May 10, 2019).

"'A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.'" *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

CSX asserts that it is not subject to general jurisdiction because it is not "at home" in New Jersey—it requests that the court take judicial notice that it is incorporated in Virginia and has its principal place of business in Florida. (DE 32-1 at 12). CSX also contends that it is not subject to specific jurisdiction because there are no well-pleaded facts that establish any specific contact on CSX's part with New Jersey. (*Id.* at 13–15). As noted above, plaintiff failed to file a response and thus it has not submitted any jurisdictional evidence.

I take judicial notice of the fact that CSX is incorporated in Virginia and has its principal place of business in Florida. "A court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001). Here CSX's statements as to its place of incorporation and its principal place of business can be readily confirmed from reliable sources. (*See* DE 32-1 at 12 ("*In re Paulsboro Derailment Cases*, No. 13-cv-784, 2013 WL 6903958, at *1 & n.3

(D.N.J. Dec. 31, 2013) (noting CSXT is Virginia corporation with principal place of business in Florida); Virginia State Corporation, Business Entity Details for CSXT, available at https://sccefile.scc.virginia.gov/Business/0050336 [stating that CSX is a Virginia corporation with its principal office in Jacksonville Florida]; CSXT's 2019 SEC Form S-3, available at: https://www.sec.gov/Archives/edgar/data/88128/ 000119312519036213/d625324ds3asr.htm [same]")).

Because CSX is neither incorporated nor has its principal place of business in New Jersey, the only way for this court to exercise general personal jurisdiction is for plaintiff to plead facts that establish that CSX's contacts with New Jersey "are so 'continuous and systematic' as to render them essentially 'at home' in the forum state." *Daimler AG*, 571 U.S. at 139. Forero has failed to do so. The second amended complaint contains no allegations that even suggest that CSX has such extensive contacts with New Jersey so as to render it at home in New Jersey. (DE 22 at 3–4). Therefore, this Court does not have general personal jurisdiction over CSX.

Nor does the second amended complaint plead facts that would entitle this court to exercise specific jurisdiction. "The inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have 'purposefully directed [its] activities' at the forum. Second, the litigation must 'arise out of or relate to' at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted).

Here, the second amended complaint attempts to plead jurisdiction by claiming the following:

> Defendants caused the containers to be unsafely loaded and inspected and thereby and in that fashion through the expected and commonplace stream of commerce this led to and resulted in the events as aforesaid and the injuries of the Plaintiff. The defendants purposely availed themselves of the benefits and privilege of doing business in New Jersey through continuous and systematic general business contacts in this state, inasmuch as

6

> defendants are in the business of having their goods or the goods
> of others placed in containers and/or in the business of
> transporting same for their commercial benefit and accomplishing
> same by travelling in the State of New Jersey.

(DE 22 at 3–4). To begin with, these allegations are suspiciously generic and seem to be directed at defendants generally, rather than any particular defendant.

As to the first prong, there are no allegations that support an inference that CSX purposefully directed any activity to the State of New Jersey. There are no allegations that, for example, CSX was "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987). Forero's sole attempt to plead jurisdictional facts offers nothing more than vague and conclusory "stream of commerce" allegations that CSX (by virtue of its inclusion in the list of "defendants") generally availed itself of the privilege of doing business in New Jersey. (*Id.*). That is insufficient to establish purposeful availment.

Even accepting this general allegation as true, Forero's complaint still fails to satisfy prong 2 — that CSX's forum activity resulted in harm to Forero. "For specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, [a] corporation's 'continuous activity of some sorts within a state ... is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1783, (2017) (citations omitted). Here, the allegations at most suggest (though not in a very factual way) that CSX has some business in New Jersey; they do not establish that the accident at issue here occurred because of CSX's forum related activities.

Because plaintiff has not pled any facts establishing the first or second

7

prongs of the specific jurisdictional analysis, this Court does not have personal jurisdiction over CSX and all claims against CSX are dismissed.

### b. Group Pleading

In the alternative, I consider CSX's argument that the second amended complaint engages in impermissible group pleading in violation of Federal Rule of Civil Procedure 8. (DE 32-1 at 20–21).

Rule 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the

plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Count two of Forero's second amended complaint contains the kind of group pleading that has led courts in this district to dismiss complaints in the past. This type of pleading fails to satisfy Rule 8 "because it does not place Defendants on notice of the claims against each of them." *Sheeran v. Blyth Shipholding S.A.*, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (citing *Ingris v. Borough of Caldwell*, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.")).

This complaint vaguely asserts that all five Count 2 defendants "owned and/or maintained the containers and were responsible for the safe loading of the containers involved in the accident" (DE 22 at 3). But it cannot readily be extracted from this general catchall allegation what each defendant is alleged to have done, including at what point each defendant was responsible for maintaining and loading the containers or what each defendant supposedly failed to do that ultimately resulted in the harm caused to plaintiff. In particular, CSX could not, from reading this complaint, glean what it is that it supposedly did that would create liability.

I will therefore additionally dismiss the claim against CSX for failure to state a claim.

I do not reach the statute of limitations issue, which might require factual development—if the court had personal jurisdiction, and if the complaint otherwise stated a claim against CSX.

## III. Conclusion

For the reasons set forth above, CSX's motion to dismiss (DE 32) is **GRANTED** without prejudice to the submission, within 30 days, of a properly supported motion to amend the complaint. Should plaintiff fail to file a motion to amend within 30 days, this dismissal shall be converted into a dismissal with prejudice. An appropriate order follows.

Dated: November 19, 2019

Kevin McNulty
**United States District Judge**