UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DOHENY FORERO,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**APM TERMINALS, SUNRISE METALS, INC., TAL INTERNATIONAL, CAI INTERNATIONAL, CSX TRANSPORTATION, A.P. MOLLER-MAERSK A/S, XYZ COMPANIES 1-10, JOHN DOES 1-10,**<br><br>　　　　**Defendants.** | Civ. No. 18-13754 (KM)(CLW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　Before me is the unopposed motion of defendant Sunrise Metals, Inc. ("Sunrise") for summary judgment. (DE 63.)

　　Sunrise is the only active defendant before the Court, for reasons I now explain. The currently operative pleading is the Second Amended Complaint, filed on February 6, 2019. (DE 22) The parties stipulated to the dismissal of defendants CAI International, TAL International, and APM Terminals. (DE 46; DE 47; DE 51.) On April 22, 2019, defendant CSX Transportation filed a motion to dismiss the Second Amended Complaint. (DE 32.) When Plaintiff failed to file any opposition to CSX's motion, the Court issued an Order to Show Cause (DE 52), to which Plaintiff likewise failed to respond. Accordingly, I issued an Opinion and Order on the merits of CSX's motion to dismiss and dismissed the Second Amended Complaint as against CSX. (DE 55; DE 56.) That dismissal ripened into a dismissal with prejudice when CSX did not, as instructed, submit a further motion to amend within 30 days.

　　A.P. Moller-Maersk A/S ("Maersk") was added as a defendant in the

1

Second Amended Complaint. On March 27, 2019 a summons issued for Maersk. (DE 31) The 90-day deadline for service under Rule 4(m) expired nearly a year ago. I am herewith issuing an order to show cause why the Second Amended Complaint should not be dismissed as against Maersk.

The remaining defendant, Sunrise, now moves for summary judgment, asserting that Plaintiff has failed to proffer any evidence in support of her claims. (DE 63.) For the reasons outlined below, I will **grant** Sunrise's motion for summary judgment.

## I. Summary Judgment: Procedural Background and Legal Standards

### A. Procedural Background

On May 26, 2017, Plaintiff, through her counsel, Andrew R. Topazio, Esq., filed a Complaint in the Superior Court of New Jersey, Law Division, Union County, New Jersey, case number UNN-L-2019-17. (DE 20-3.) Ms. Forero named as defendants APM Terminals, as well as corporate and individual John Does.

On July 30, 2018, new counsel for Plaintiff, Bruce S. Gates, Esq., filed an Amended Complaint asserting nearly identical allegations. (*See* AC.) Count 1, still asserted against only one Defendant, APM Terminals, alleges that as a result of the accident, Ms. Forero sustained severe and permanent injuries. (*Id.* at 7.) APM is alleged to have "owned, operated and maintained the hustler and bluebird." (*Id.* at 8.) Count 1 does not assert a theory of liability; rather it states that APM would know "who owned, maintained and/or loaded the containers and the entities responsible for the safe loading of the containers within the appropriate weight limits." This count "demands information" as to those entities. (*Id.*)

Count 2 asserts a claim for negligence. Under Count 2, Plaintiff alleges that Defendants "owned and/or maintained the containers and were responsible for the safe loading of the contains involved in the accident" and "improperly and unsafely loaded, inspected, and were otherwise negligent in their duty to safely load the containers that Plaintiff was hauling, causing the

2

hustler and bluebird to tip onto the ground." (*Id.* at 9.) Count 2 was amended so as to bring claims against Defendants Sunrise Metals, Inc., TAL International, and CAI International.

On September 11, 2018, Sunrise removed the action to this Court. It invoked federal subject matter jurisdiction under 28 U.S.C. § 1332 stating that the parties were completely diverse and the amount in controversy exceeded $75,000. (DE 1 at 2.)

On January 29, 2019, Plaintiff filed a Second Amended Complaint. ("2AC", DE 22.) The 2AC asserts the same claims, but adds for the first time the following jurisdictional allegations:

> The events constituting the cause of action herein arise from or are related to the fact that the defendants as aforesaid through their actions and those of their agents, servants and employees were through their business activities present on the date and place of the injurious events. Defendants caused the containers to be unsafely loaded and inspected and thereby and in that fashion through the expected and commonplace stream of commerce this led to and resulted in the events as aforesaid and the injuries of the Plaintiff. The defendants purposely availed themselves of the benefits and privilege of doing business in New Jersey through continuous and systematic general business contacts in this state, inasmuch as defendants are in the business of having their goods or the goods of others placed in containers and/or in the business of transporting same for their commercial benefit and accomplishing same by travelling in the State of New Jersey.

(2AC at 3–4.) Plaintiff also added as defendants to Count 2 CSX Transportation and A.P. Moller-Maersk A/S.

After the completion of fact discovery on August 20, 2019, expert discovery was conducted and completed on January 30, 2020. (DE 50.) Plaintiff did not serve expert reports or depose any Sunrise agents or employees. (DE 63-2 at 7, 12.) Sunrise was then granted permission to file its motion for summary judgment. (DE 58.)

### B. Legal Standards

Counsel for Sunrise submitted with the motion for summary judgment a statement of undisputed facts in accordance with Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1. Plaintiff failed to submit a responsive statement of undisputed facts, or indeed any opposition at all. Accordingly, I treat Sunrise's statement of material facts as unopposed. I do not, however, simply grant the motion, but analyze it under the standards of Fed. R. Civ. P. 56 and Local Rule 56.1.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Delaware River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex*, 477 U.S. at 322-23. "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth

types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist).

Local Rule 56.1 states in part, "[t]he opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion."

Local Rule 56.1 further requires that "each statement of material facts shall be a separate document (not part of a brief)." If a party fails to address the other party's properly supported assertion of fact, the court may consider "grant[ing] summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it ...." Fed. R. Civ. P. 56(e). Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement. L. Civ. R. 56(a). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, Civ. No. 08-3975, 2010 WL 2710555 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, ... the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law.'" (quoting *Anchorage Assocs.*, 922 F.2d at 175)).

## II. Discussion

### A. The Incident[1]

Defendant Sunrise exports scrap metal from its facility in Ontario, Canada. (DSOF ¶¶ 2–3.) Sunrise loads its scrap metal into shipping containers using a container injection system, scrap handling crane, and front end loader and trains its employees to load the metal such that the pieces of metal when loaded fit neatly into boxes and lock into place. (*Id.* ¶¶ 5-6.) Sunrise loads these containers in accordance with industry standards. (*Id.* ¶ 7.) Sunrise does not own or maintain the containers, (*Id.* ¶ 16), and once it loads the containers, Sunrise entrusts other entities to ship and care for their containers. For example, as discussed below, there were two containers at issue here, Container 1 and Container 2. Sunrise loaded the Containers with scrap metal in May 2015. (*Id.* ¶ 14.) Container 1 was owned by CAI International and was leased to Maersk to ship. (*Id.* ¶¶ 8–10.) Container 2 was acquired by TAL International and leased to Maersk to ship. (*Id.* ¶ 11.) On May 15, 2015, the Containers left Sunrise's facility and were transported to Defendant APM Terminals' facility by Maersk and CSX. (*Id.* ¶¶ 14–19.)

On May 29, 2015, Plaintiff Doheny Forero, an experienced longshoreman (*see* DSOF ¶¶ 21–22, 25), was operating a "hustler" owned by her employer, APM Terminals. (*Id.* ¶¶ 1, 22.) "Hustlers" are vehicles used to haul trailers, which are referred to in the shipping industry as "blue birds." (*Id.* ¶ 23.) Ms. Forero at the time was driving the hustler so that she could haul a trailer

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"DSOF" = The Statement of Undisputed Material Facts submitted by Sunrise Metals, Inc. (DE 63-3)

"AC" = The Amended Complaint. (DE 1 at 7–10)

"2AC" = The Second Amended Complaint. (DE 22)

"Forero Dep." = The deposition transcript of Doheny Forero. (DE 63-7)

6

containing the Containers from APM's terminal to a ship. (*Id.* ¶ 28.) She was driving at approximately 15 miles per hour. (*Id.* ¶ 30.) As she was turning, Ms. Forero believed she heard a noise in one of the Containers, prompting her to brake. (*Id.* ¶ 31.) The Containers then shifted and fell to the ground, overturning her trailer and allegedly injuring her. (*Id.* ¶¶ 31-33.)

### B. Count 2 (Negligence)

Count 1 is simply a demand for discovery, and the deadline for discovery has come and gone. Count 2 is therefore the only count relevant for purposes of Sunrise's motion for summary judgment.

Count 2 (negligence) asserts that Defendant Sunrise, in addition to the other defendants,

1. "owned and/or maintained the containers and were responsible for the safe loading of the containers involved in this accident" (2AC at 3);
2. "improperly and unsafely loaded, inspected, and were otherwise negligent in their duty to safely load the containers that Plaintiff was hauling, causing the hustler and bluebird to tip onto the ground" (*Id.*);
3. "caused the containers to be unsafely loaded and inspected and thereby and in that fashion through the expected and commonplace stream of commerce this led to and resulted in the events as aforesaid and the injuries of the Plaintiff." (*Id.* at 3-4.)

Defendant Sunrise moves for summary judgment on this claim, asserting that discovery is complete and Plaintiff has failed to put forth any evidence to substantiate these allegations. (DE 63 at 15.)

Under New Jersey law,[2] the three elements essential to a cause of action

---

[2]    No substantial choice of law issue is presented. "[I]n a diversity action, a district court must apply the choice of law rules of the forum state to determine what law will govern the substantive issues of a case." *Warriner v. Stanton*, 475 F.3d 497, 499–500 (3d Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). There is no dispute that in this diversity tort action, based on an accident in New Jersey, New Jersey law applies. *See, e.g., McCarrell v. Hoffmann-La Roche, Inc.*, 227 N.J. 569, 590 (2017) ("[I]n a personal-injury action, the substantive law of the place of injury is presumed to be the governing law under section 146" of the Restatement (Second). "Absent another state having a more significant relationship, the substantive law of the injury-site state applies.").

in negligence are: "(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." *Endre v. Arnold*, 300 N.J. Super. 136, 141 (N.J. Super. Ct. App. Div. 1997). The burden of proving such negligence is on the plaintiff; negligence cannot be presumed. *See Dawson v. Bunker Hill Plaza Associates*, 289 N.J. Super. 309, 322 (N.J. Super. Ct. App. Div. 1996). Though a plaintiff need not present proof to a certainty, "evidence must be such as to justify an inference of probability as distinguished from the mere possibility of negligence on the defendant's part." *Bratka v. Castles Ice Cream Co.*, 40 N.J. Super. 576, 584, (N.J. Super. Ct. App. Div. 1956) (citation omitted). "It has often been said that there is a presumption against the fact of negligence; the burden of proving negligence is upon the plaintiff and must be sustained by proof of circumstances from which defendant's want of due care is a legitimate inference." *Bratka*, 40 N.J. Super. at 576, (citing *Hansen v. Eagle–Picher Lead Co.*, 8 N.J. 133, 139–140 (1951)).

Sunrise asserts that Plaintiff has failed to meet her burden of coming forward with evidence that establishes that Sunrise (to the extent it owed her a duty) breached its duty when it loaded the Containers with scrap metal or that Sunrise proximately caused her injuries. I agree and will therefore grant Sunrise's motion for summary judgment.

Ms. Forero has the burden to demonstrate that Sunrise breached a duty of care, resulting in her accident and related injuries. However, I find that Ms. Forero has failed to set forth any evidence that would permit a reasonable jury to find that Sunrise breached a duty to her. Setting aside Ms. Forero's failure to submit any opposition to Sunrise's motion for summary judgment, I have reviewed the record before me, and found no evidence sufficient to raise a triable issue that Sunrise breached a duty of care. With respect to the accident, Ms. Forero testified that she was picking up the Containers from the APM "yard" and transporting them to a ship. (DE 63-7 (Forero Dep.) pp. 122-23.) No specifics are provided as to how the Containers were placed into the "yard" or

how they were cared for while there. Ms. Forero then testified that an APM Terminals operator operating a "top loader" picked up the Containers and loaded the Containers side-by-side onto her blue bird. (*Id.* at 123–24.) She was driving the 20-foot Containers when she heard a bang, which she thought came from inside the front Container. (*Id.* p. 50–53.) She further testified that she was driving slowly, approximately 15 miles per hour, when she braked while turning left, causing the Containers to fall, and the blue bird to topple over. (*Id.* pp. 53, 60.)

There is no direct evidence or reasonable inference therefrom connecting Sunrise's loading of the Containers in Ontario to the noise that startled Ms. Forero in New Jersey. Assuming (as I must) that there was such a noise, it would not by itself raise a legitimate inference that Sunrise breached a duty to Ms. Forero by negligently loading the Containers with scrap metal. The Containers travelled from Ontario to New Jersey, seemingly without incident, and were handled by a number of persons and entities before they reached Ms. Forero. The only direct evidence as to how Sunrise loaded the containers stated that it did so in accordance with reasonable industry standards. (*See* DSOF ¶¶ 5–7.) There is no contrary evidence. Accordingly, I find that Ms. Forero has failed to establish that Sunrise breached a duty to her.

Just as problematic for Ms. Forero's claim is the issue of proximate cause. Proximate cause consists of "any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred." *Conklin v. Hannoch Weisman*, 145 N.J. 395, 418, 678 A.2d 1060 (1996) (citations omitted). The record establishes that after the Containers were properly loaded, they traveled by rail under the care of two other Defendants (CSX and Maersk); were then stored at APM's terminal; and finally were loaded by APM onto Ms. Forero's blue bird. Any one of these steps could have altered the Containers and caused the accident. Nothing in the record connects Sunrise with any of those intervening steps that followed the Containers'

9

departure from Sunrise's facility in Ontario. The chain of causation is simply too weak.[3]

Accordingly, in the absence of a dispute of material fact, I find that Sunrise is entitled to judgment as a matter of law.

### III. Conclusion

For the reasons set forth above, Sunrise's motion for summary judgment (DE 63) is **GRANTED**. An appropriate order follows.

Dated: June 18, 2020

/s/ Kevin McNulty

_____

**Kevin McNulty
United States District Judge**

---

[3]   I add that the tipping of the vehicle might be consistent with a dangerous shifting of contents, but also might be consistent with Ms. Forero's startled reaction to a loud noise. A bang from within a container does not bear a necessary relation to the breach of a duty to load it safely. Thus proximate cause might be found lacking on this classic basis as well. *Cf. Palsgraf v. Long Island R. Co.,* 248 N.Y. 339 (1928) (Cardozo, J.) (assuming the railroad guards were negligent in relation to dislodging a parcel, the explosion of the package and resulting collapse of a set of scales far down the platform, injuring plaintiff, was not within the zone of foreseeability). This theory, however, might pose issues of fact.